UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60420-CIV-LEIBOWITZ

AMERICAN GOLD LABEL FOODS,
INC., a Florida Corporation, and
NEIL W. RODIN, an Individual,

        Plaintiffs,

v.

UNITED STATES OF AMERICA,

        Defendant.

### UNITED STATES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COMES NOW, the Defendant, United States of America, by and through the undersigned Assistant United States Attorney, and hereby files this Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). In support of its Motion, the United States submits the following:

### FACTUAL BACKGROUND

American Gold Label Foods, Inc. ("AGL") has been an authorized Supplemental Nutrition Assistance Program ("SNAP") retailer since 2009. [D.E. 1 at ¶ 2]. On January 7, 2022, AGL filed a complaint in District Court for the Southern District of Florida, challenging its withdrawal from SNAP, pursuant to 7 U.S.C. §2023(a)(13)-(16). *See American Gold Label, et al. v. United States*, Case No. 0:22-cv-60052-RS. [D.E. 1 at ¶ 6]. During the litigation, the parties entered into a Settlement Agreement, which allowed Plaintiffs to correct the structure of its company and reapply for participation in the SNAP program. *Id*. at ¶¶ 8-9. FNS agreed to allow AGL to continue to utilize its SNAP license, **contingent upon** receipt of **complete** applications within 30 days of the effective date of the Settlement Agreement. [D.E. 1-1 at ¶ 3]. Plaintiffs failed to provide **complete**

1

applications, even after several document requests were sent by FNS in an attempt to cure the deficiencies in the applications submitted by Plaintiffs. A total of 129 days passed between the Settlement Agreement and FNS' last request and final deadline requesting that AGL cure its deficiencies.  AGL still failed to provide the required documents. Thereafter, on June 9, 2023, FNS denied Plaintiffs' applications because it did not have complete applications to process as required by the Settlement Agreement. [D.E.1-1 at ¶3]. Plaintiffs then proceeded to attempt to reopen the district court case that had been dismissed, which was denied by Judge Smith on March 14, 2024. *See AGL*, et al. v. United States, Case No. 22-cv-60052-RS, D.E. 47. One day later, Plaintiffs filed this new action for breach of contract, i.e., breach of the Settlement Agreement. [D.E. 1].

## STANDARD OF REVIEW

**I.    Dismissal Under Federal Rule of Civil Procedure 12(b)(1).**

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3). Federal district courts are courts of limited jurisdiction: "[t]hey possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardia Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citation omitted). It is well-settled that the party invoking federal jurisdiction bears the burden of proving its existence. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction.").

A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may challenge jurisdiction either factually or facially. *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008); *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.,* 501 F.3d 1244, 1251 (11th Cir. 2007). With respect to a facial challenge, the allegations in the complaint are assumed to be true by the court, which then must determine whether the complaint sufficiently alleges a basis for subject matter jurisdiction. *Id*. (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). And with respect to a factual challenge, a "district court [may] consider extrinsic evidence such as testimony and affidavits." *Hoban v. Sovereign Republic of Peru*, 204 F. Supp. 3d 1368, 1370 (S.D. Fla. 2016). "Since [a facial challenge] implicates the fundamental question of a trial court's jurisdiction, a 'trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case' without presuming the truthfulness of the plaintiff's allegations." *Makro Capital*, 543 F.3d at 1258 (quoting *Morrison v. Amway Corp.*, 323 F.3d at 925 (11th Cir. 2003)).

## ARGUMENT

A settlement agreement with a federal agency is a government contract, for purposes of jurisdictional analysis. *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223 (1975); *Shaffer v. Veneman*, 325 F.3d 370 (D.D.C.2003). To establish jurisdiction, a plaintiff must show: (1) that the Court has subject matter jurisdiction over the dispute; (2) that the United States has waived sovereign immunity for suits of that kind; and (3) that the United States has consented to be sued in that particular court. *Wright v. Foreign Service Grievance Bd.*, 503 F.Supp.2d 163, 178 (D.D.C. 2007) (citations omitted).

Here, Plaintiffs attempt to assert jurisdiction in two ways. First, under the terms of the Settlement Agreement, which the underlying district court that originally dismissed this case found

failed to confer jurisdiction upon the district court. *See Order Denying Motion to Reopen*, attached as Exhibit A. Second, Plaintiffs attempt to assert jurisdiction under 28 U.S.C. § 1346, otherwise known as the "Little" Tucker Act. However, neither of these show a waiver of sovereign immunity or independent basis of jurisdiction in this Court, as discussed more fully below.

I. **THE COURT DID NOT RETAIN JURISDICTION**

Plaintiffs attempt to assert in their Complaint that "this Court has subject matter jurisdiction over this matter pursuant to the terms of the Settlement Agreement…" [D.E. 1 at ¶ 23]. However, Judge Smith, when faced with the same issue of subject matter jurisdiction, held that the district court "lacks jurisdiction to reopen the case and to enforce the settlement agreement." *AGL, et al. v. U.S.*, Case. No. 0:22-cv-60052-RS, D.E. 47 at p. 2-3, attached as Exhibit A. Judge Smith cited the U.S. Supreme Court, which held that the enforcement of a settlement agreement falls outside of ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case. *Id., citing Kokkonen v. Guardian Life Insurance of America*, 511 U.S. 375 (1994). When discussing the issue of subject matter jurisdiction over a settlement agreement, the Supreme Court found that "[e]nforcement of the settlement agreement… whether through award of damages or decree of specific performance, is more than just a continuation or renewal of a dismissed suit, and hence requires its own basis for jurisdiction. *Id.* at 379. The Supreme Court in *Kokkonen* went on to reason that a district court could retain jurisdiction to enforce a settlement agreement with consent of the parties ***and of the court***, provided the district court issues an order requiring compliance with the settlement agreement. *Id*. at 381. Notably, the Order of Dismissal in the underlying case never mentions a settlement agreement or a requirement that compliance with the terms of such be met. *See* Order of Dismissal, Case No. 22-cv-60052-RS, attached as Exhibit B. Judge Smith further relied on Eleventh Circuit precedent when holding that the parties' stipulation

4

of dismissal in the case was self-executing and that "once the parties filed it, the Court lost jurisdiction over this matter." *AGL, et al. v. U.S.*, Case No. 0:22-cv-60052-RS, D.E. 47 at p. 3, citing *Anago Franchising, Inc. v. Shaz*, 677 F.3d 1272, 1278 (11th Cir. 2012); *see also SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 464 n. 4 (speculating that a situation might arise in which a district court may lack jurisdiction to enforce a settlement agreement because it issued no order retaining jurisdiction even though the parties expressly provide for ancillary jurisdiction in their stipulation for dismissal).

Plaintiffs attempt to relitigate the issue of whether the district court has jurisdiction to enforce the Settlement Agreement in the underlying case, but such issue has already been decided. Judge Smith denied Plaintiffs' Motion to Reopen the case, because he found, consistent with both U.S. Supreme Court and Eleventh Circuit precedent, that the district court lacked jurisdiction to enforce the terms of the settlement agreement. *See* Exhibit A, at pp. 2-3. The law has not changed in the last week since Judge Smith's order was entered, and the district court still lacks jurisdiction over the Settlement Agreement.

## II. THE "LITTLE" TUCKER ACT DOES NOT APPLY TO CLAIMS FOR EQUITABLE RELIEF

Plaintiffs also cite 28 U.S.C. § 1346 as a basis for this Court to assert jurisdiction over this case. [D.E. 1 at ¶ 23]. The Tucker Act (28 U.S.C. § 1491(a)(1) and the Little Tucker Act (28 U.S.C. § 1346(a)(2)), waive sovereign immunity for certain contract disputes against the United States. *See United States v. Mitchell*, 463 U.S. 206, 216 (1983). However, neither the Tucker Act nor the "Little" Tucker Act permit claims for equitable relief. *See Richardson v. Morris*, 409 U.S. 464, 465 (1973) (holding that "[c]ourts have consistently construed the Tucker Act and the Little Tucker Act as 'authorizing only actions for money judgments and not suits for equitable relief against the United States.'"); *see also Mastrolia v. United States*, 91 Fed. Cl. 369, 381 (Fed.Cl.2010);

*Northside Lumbar Co., et al. v. Block*, 753 F.2d 1482, 1485 (9th Cir. 1985); *O'Connor v. Yezukevicz*, 589 F.2d 16, 20 (1st Cir. 1978) (district court lacked jurisdiction pursuant to 28 U.S.C. §1346(a)(2) over allegation of breach of contract where plaintiff requested injunctive relief). In *Lee v. Thornton*, 420 U.S. 139 (1975), the Supreme Court held that §1346(a)(2) stems from the fact that the jurisdiction of the district courts under the Act was made expressly concurrent with the Court of Claims' jurisdiction, and the Court of Claims has historically lacked power to grant equitable relief under §1491(a)(1). *See Richardson*, 409 U.S. at 465-66.

Plaintiffs do not seek money damages for the alleged breach of contract. Rather they seek equitable relief in the form of specific performance. *See* D.E. 1 at pp. 9-12. Plaintiffs' breach of contract claims are not authorized by the Little Tucker Act, 28 U.S.C. §1346. Consequently, the Court lacks subject matter jurisdiction over the claims asserted in the Complaint and it must be dismissed.

## CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction over Plaintiffs' claims and the Complaint should be dismissed in its entirety.

Respectfully submitted,

**MARKENZY LAPOINTE**
**United States Attorney**

By: **/s/ Kelsi R. Romero**
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
Special Bar No. A5502758
500 East Broward Blvd, Suite 700
Fort Lauderdale, Florida 33394
Tel. (954) 660-5694
E-mail: Kelsi.Romero@usdoj.gov