**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:24-cv-60420-LEIBOWITZ/AUGUSTIN-BIRCH**

**AMERICAN GOLD LABEL FOODS,**
**INC. and NEIL W. RODIN**,

    *Plaintiffs*,

v.

**UNITED STATES OF AMERICA**,

    *Defendant*.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion") [ECF No. 15], filed on July 11, 2024. Plaintiffs American Gold Label Foods, Inc. ("AGL") and Neil W. Rodin (collectively "Plaintiffs") submitted a response to the Motion [ECF No. 28], and Defendant submitted a reply [ECF No. 31]. The Court has reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons stated below, the Motion [ECF No. 15] is **GRANTED**.

The Court also considers Plaintiffs' Contested Motion for Leave to Supplement Amended Complaint ("Plaintiffs' Motion") [ECF No. 27], filed on August 8, 2024. Defendant submitted a response [ECF No. 33], and Plaintiffs submitted a reply [ECF No. 35]. For the reasons stated below, Plaintiffs' Motion [ECF No. 27] is **DENIED**.

**I.    LEGAL STANDARD**

Pursuant to Federal Rules of Civil Procedure Rule 12(b), a defendant may move for dismissal of a claim based on one or more of seven specific defenses: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of

process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. *See* Fed. R. Civ. P. 12(b).

Challenges to subject matter jurisdiction based upon Federal Rules of Civil Procedure Rule 12(b)(1) will take one of two forms—facial or factual. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999). In this case, Defendant has challenged jurisdiction on the face of Plaintiffs' Amended Complaint. When dealing with a facial challenge, the court is required "merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

## II.  BACKGROUND

AGL has been an authorized Supplement Nutrition Assistant Program ("SNAP") retailer for nearly fifteen years. [ECF No. 13 ¶ 4]. In 2017, the United States Department of Agriculture, Food and Nutrition Service ("FNS" or "Agency"), issued a letter to Plaintiffs in which it notified AGL that FNS intended to withdraw AGL's authorization to participate in the SNAP. [*Id.* ¶ 6]. Plaintiffs challenged FNS's withdrawal, filing a request for Administrative Review on March 17, 2017. [*Id.* ¶ 7]. FNS issued its Final Agency Decision on December 23, 2021, at which time FNS maintained its position and sought to withdraw Plaintiffs' SNAP licensures. [*Id.* ¶ 8; ECF No. 28 at 4]. On January 7, 2022, AGL filed a complaint in U.S. District Court for the Southern District of Florida, seeking judicial review of FNS's withdrawal of AGL's SNAP authorizations, pursuant to 7 U.S.C. § 2023(a)(13)-(16). *See American Gold Label Foods, Inc. et al. v. United States*, Case No. 0:22-cv-60052-RS; [ECF No. 13 ¶ 9]. After a year of litigation, the parties entered into a Settlement Agreement, which laid a path for Plaintiffs to restructure their SNAP authorization in such a way that the Agency would be comfortable with AGL's business organization and operations. [ECF No. 13 ¶¶ 10, 11]. The Agency agreed to keep AGL's existing SNAP license active while it processed AGL's new applications for SNAP authorization. [ECF No. 28 at 4]. AGL filed eleven (11) new SNAP license applications

2

with FNS including ten (10) home-delivery-route applications and one (1) online SNAP application. [ECF No. 13 ¶¶ 12, 13]. On June 9, 2023, the Agency issued a single denial of Plaintiffs' ten (10) home-delivery-route applications. [*Id.* ¶ 20].

Plaintiffs then proceeded to try to reopen the district court case that had been dismissed to enforce the Settlement Agreement, which was denied by Judge Smith on March 14, 2024. [*See American Gold Label Foods, Inc. et al. v. United States*, Case No. 0:22-cv-60052-RS, ECF No. 47]. Judge Smith found that the Court lacked jurisdiction to reopen the case and to enforce the terms of the Settlement Agreement because the Court had not issued an order retaining jurisdiction for that purpose or requiring compliance with the Settlement Agreement. [*Id.*].

One day later, on March 15, 2024, Plaintiffs filed their original Complaint in this action. [ECF No. 1]. On June 27, 2024, Plaintiffs filed an Amended Complaint (the "Complaint"), which is the subject of this Motion. [ECF No. 13]. Plaintiffs bring this case claiming a material breach of the parties' Settlement Agreement by FNS. [*Id.* ¶ 1]. Plaintiffs also seek judicial review of FNS's denials of their SNAP applications for authorization, pursuant to 7 U.S.C. § 2023. [*Id.* ¶ 2].

Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction on July 11, 2024. [ECF No. 15].

### III. DISCUSSION

In its Motion, Defendant argues that the Court does not have subject matter jurisdiction over this matter because (1) the Court did not retain jurisdiction to enforce the Settlement Agreement, (2) Plaintiffs' breach of contract claims are not authorized by the Little Tucker Act, 28 U.S.C. § 1346, and (3) there is no jurisdiction under the Mandamus Act, 28 U.S.C. § 1361. [*See generally id.*]. Defendant also argues that Plaintiffs' request for judicial review is moot. [*Id.*]. The Court will consider each argument for dismissal in turn.

#### A. Subject Matter Jurisdiction

### i. Settlement Agreement

In the Complaint, Plaintiffs allege that the Court has subject matter jurisdiction pursuant to the terms of the Settlement Agreement. [ECF No. 13 ¶ 29]. Relying on Judge Smith's Order denying Plaintiffs' Motion to Reopen the previous case, Defendant argues that because Judge Smith found that the district court lacked jurisdiction to enforce the terms of the Settlement Agreement, the district court still lacks jurisdiction now. [ECF No. 15 at 4–6].

Because the district court did not retain jurisdiction of the Settlement Agreement, Plaintiffs may seek enforcement of the Settlement Agreement in the district court only if there is an independent basis for federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). The Court will consider other grounds for subject matter jurisdiction under the Little Tucker Act and the Mandamus Act.

### ii. The Little Tucker Act

Congress has enacted two provisions that specifically waive sovereign immunity in the case of contract actions against the federal government—the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Little Tucker Act. 28 U.S.C. § 1346(a)(2). *Begner v. United States*, 428 F.3d 998, 1002, 1002 n.4 (11th Cir. 2005). The Tucker Act grants jurisdiction to the United States Court of Federal Claims "upon any claim against the United States founded … upon any express or implied contract with the United States …." 28 U.S.C. § 1491(a)(1). The Little Tucker Act "grants concurrent jurisdiction to both U.S. district courts and the Court of Federal Claims for contractual claims against the United States not exceeding $10,000." *Begner*, 429 F.3d at 1002 n. 4 (construing 28 U.S.C. § 1346(a)(2)). Thus, the Court could only have jurisdiction over cases brought under the Little Tucker Act.

In the Complaint, Plaintiffs do not reference the Little Tucker Act. However, in their response to Defendant's Motion, Plaintiffs assert that "28 U.S.C. § 1346 provides that United States District Courts have subject matter jurisdiction over claims where: (1) the Federal Government is the

4

Defendant; (2) the amount in dispute is under $10,000; and (3) the cause of action is based upon either the Constitution, an Act of Congress, a regulation, or an express or implied contract with the United States." [ECF No. 28 at 7]. Thus, Plaintiffs argue that this Court has subject matter jurisdiction over this breach of contact action because (1) the United States is the Defendant; (2) the Plaintiffs' claims do not request monetary damages exceeding $10,000; and (3) the claims are brought because of the Defendant's breach of the Settlement Agreement, which is an express contract with the United States. [*Id.* at 7–8]. Defendant rightly points out in its reply that the district court's jurisdiction under 28 U.S.C. § 1346 is concurrent with the United States Court of Federal Claims. [ECF No. 31 at 1]. The Court will consider whether Plaintiffs satisfy the requirements of the Little Tucker Act, 28 U.S.C. § 1346(a)(2).

The Court does not have jurisdiction to adjudicate Plaintiffs' claims under the Little Tucker Act because Plaintiffs ask for equitable relief. "In order for a claim to be brought under either the Tucker Act or the Little Tucker Act, the claim must be for monetary relief; it cannot be for equitable relief, except in very limited circumstances not at issue here." *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*, 490 F.3d 940, 943 (Fed. Cir. 2007) (citing *Doe v. United States*, 372 F.3d 1308, 1312 (Fed. Cir. 2004)). The relief requested by Plaintiffs is equitable in nature. [ECF No. 13 at 11–16].

The Eleventh Circuit has not taken a position on the question of whether the Little Tucker Act authorizes equitable relief alone or ancillary to noneconomic damages in contractual claims against the United States, but other circuit courts of appeal have recognized sharp limitations on a district court's ability to order injunctive relief under the Little Tucker Act. *See, e.g.*, *Berman v. United States*, 264 F.3d 16, 21 (1st Cir. 2001) ("The Little Tucker Act does not authorize claims that seek primarily equitable relief."); *N. Star Alaska v. United States*, 9 F.3d 1430, 1432 (9th Cir. 1993) ("[T]he Little Tucker Act does not specifically authorize the district court to grant declaratory or equitable relief against the

United States in contract cases."); *Doe*, 372 F.3d at 1312–1313 ("The Little Tucker Act does not authorize a court to grant prospective equitable relief, except in very narrow circumstances … because a district court, when exercising jurisdiction under the Little Tucker Act, in effect sits as the Court of Federal Claims, which does not have general equitable powers.").

Thus, the Court finds that it may not exercise subject matter jurisdiction over Plaintiffs' claims because the Little Tucker Act does not explicitly authorize equitable relief as a remedy for a contractual claim against the United States. Because the Court has no jurisdictional basis to hear Plaintiffs' claims, dismissal under Rule 12(b)(1) is proper. "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)).

### iii. Mandamus Act

The Mandamus Act provides district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (citing *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)). "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy is available.'" *Cash*, 327 F.3d at 1258 (quoting *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)) (alterations incorporated). The burden is on the party seeking mandamus to demonstrate that the party's right to the writ is "clear and indisputable." *Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1036–37 (11th Cir. 2021). "[A] writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Cash*, 327 F.3d

6

at 1258 (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). Even if all three elements are satisfied, the decision is "granted only in the exercise of sound discretion." *Whitehouse v. Illinois Central R. Co.*, 349 U.S. 366, 373 (1955).

Defendant argues that there is no jurisdiction under the Mandamus Act, 28 U.S.C. § 1361. [ECF No. 15 at 8]. Defendant further argues that even if this Court asserted jurisdiction under the Mandamus Act, Plaintiffs have not met all three elements necessary to entitle them to relief. [ECF No. 31 at 6]. The Court agrees. Plaintiffs have not demonstrated that they have a clear right to the relief requested or that Defendant has a clear duty to act. Thus, Plaintiffs have failed to demonstrate that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1361. Accordingly, dismissal under Rule 12(b)(1) is proper.

### B. Plaintiffs' Request for Judicial Review

Lastly, Defendant argues that Plaintiffs' request for judicial review is moot because FNS issued Final Agency Decisions on all ten applications at issue on July 3, 2024, and delivered them to Plaintiffs on July 9, 2024. [ECF No. 15 at 10]. Plaintiffs argue that this case will only become moot if the Agency approves Plaintiffs' application for SNAP authorization, and thus, Plaintiffs claim they are rightfully entitled to judicial review under 7 U.S.C. § 2023. [ECF No. 28 at 15]. Defendant argues in its reply that, beyond the fact that the judicial review count is now moot, the judicial review count is wholly improper as pleaded because administrative remedies had not been exhausted at the time the judicial review count was asserted. [ECF No. 31 at 9]. The Court will first consider whether the judicial review count was properly pleaded.

The District Court for the District of Maryland has laid out succinctly the steps of judicial review for SNAP authorizations in *Nephew Mini Mkt., LLC v. United States*, 2022 WL 3544259, at *6 (D. Md. Aug. 18, 2022):

> [T]he [SNAP] regulations provide for administrative and judicial review of a decision by FNS to disqualify a SNAP retailer. *See* 7 U.S.C. § 2023(a); 7 C.F.R. § 279. First,

7

> FNS must provide the retailer with written notice of its initial decision. 7 U.S.C. § 2023(a)(1). Within ten days of receipt of the notice, the retailer may ask FNS to review the decision. *Id.* § 2023(a)(3); 7 C.F.R. § 279.1. FNS must then review its initial decision and render a Final Agency Decision, which takes effect thirty days after notice of the decision has been delivered to the retailer. 7 C.F.R. § 279.5. Upon receipt of a Final Agency Decision, a retailer may seek judicial review. 7 U.S.C. § 2023(a)(13); 7 C.F.R. § 279.7.

*Nephew Mini Mkt.*, 2022 WL 3544259, at *6.

Here, Plaintiffs received ten (10) Final Agency Decisions on July 9, 2024. [ECF No. 28 at 15]. Plaintiffs argue that their Amended Complaint (the Complaint at issue here), which adds the count for judicial review, is procedurally sound [ECF No. 28 at 15–16]; however, the Amended Complaint was not filed until June 27, 2024 [ECF No. 13]. Thus, at the time the Amended Complaint was filed, it was too early for Plaintiffs to seek judicial review.

On August 8, 2024, Plaintiffs filed a Contested Motion for Leave to Supplement Amended Complaint. [ECF No. 27]. In their Motion, Plaintiffs believe that, based upon the issuance of the Final Agency Decisions after the Amended Complaint was filed, they are required to file a separate count for each of the ten (10) denied licensure applications pursuant to 7 U.S.C. § 2023(a). [*Id.* ¶ 9]. Defendant argues in response to Plaintiffs' Motion that such supplement would be futile as it cannot cure the jurisdictional defect created by the Plaintiffs when they prematurely included a judicial review count in their Amended Complaint prior to a Final Agency Decision being issued. [ECF No. 33 at 2].

The Court agrees with Defendant. The proposed supplement would be futile as it would not cure the jurisdictional defect that exists in this case as a result of Plaintiffs filing the judicial review count prematurely. Thus, Plaintiffs' Contested Motion for Leave to Supplement Amended Complaint [ECF No. 27] is **DENIED**.

Furthermore, Defendant filed a Notice of Supplemental Authority with the Court to notify the Court that Plaintiffs filed another case, *American Gold Label Foods, Inc. et al. v. United States*, Case

No. 0:24-cv-61450-DSL, alleging the same claims they are attempting to put forth in this action through Plaintiffs' Motion. [ECF No. 36]. This further supports the Court's decision that this case is not the proper case for Plaintiffs to litigate their judicial review claim, and Plaintiffs were required to bring a case for judicial review after the Final Agency Decision on July 9, 2024.

### IV.     CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that the Motion [**ECF No. 15**] is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' Contested Motion for Leave to Supplement Amended Complaint [**ECF No. 27**] is **DENIED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on December 20, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record